UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROL QUIGLEY, aka CAROL DIANE EUWEMA,<br><br>Plaintiff,<br>v.<br>AMERICAN CLAIMS SERVICES, INC., JOHN BANNON, BILL T. JOHNSON, SUSAN B. JOHNSON, and DOES 1 through 50, inclusive,<br><br>Defendants. | No.: 2:13-cv-01766-KJM-EFB<br><br>ORDER |

This matter is before the court on the motion by defendants American Claims Services, Inc. ("ACS"), John Bannon, Bill T. Johnson, and Susan B. Johnson to dismiss plaintiff's First Amended Complaint under Federal Rules of Civil Procedure 12(b)(6) and 9(b). (Defs.' Mot. Dismiss, ECF 4.)  Plaintiff opposes the motion. (Pl.'s Opp'n, ECF 9.)  The court decided the matter without a hearing. As explained below, the court GRANTS in part and DENIES in part defendants' motion without prejudice.

I.     RELEVANT BACKGROUND

    A.     PROCEDURAL BACKGROUND

On May 29, 2013, plaintiff Carol Quigley, aka Carol Diane Euwema, filed a complaint in the Placer County Superior Court against defendants ACS, John Bannon, Bill T.

1

Johnson, Susan B. Johnson, and Does 1 through 50.[1]  (Defs.' Notice of Removal at 1, ECF 1.)  On July 5, 2013, plaintiff amended her original complaint alleging five causes of action: (1) fraud; (2) conversion; (3) breach of fiduciary duty; (4) infringement of license; and (5) violation of California's Business and Professions Code section 17200 (known as California's Unfair Competition Law  ("UCL")).  (*Id.*, First Am. Compl., Ex. A ("FAC").)

On August 26, 2013, defendants removed the case to this court.  (ECF 1.)  On September 3, 2013, defendants filed the instant motion seeking to dismiss plaintiff's First Amended Complaint.  (ECF 4.)  On October 28, 2013, plaintiff filed an opposition.  (Pl.'s Opp'n, ECF 9.)  On November 13, 2013, defendants filed a reply.  (Defs.' Reply, ECF 10.)

B.     ALLEGED FACTS

This case arises out of defendants' alleged unauthorized use of plaintiff's insurance adjuster license.  Plaintiff is a licensed insurance adjuster.  (FAC ¶ 1.)  Defendant ACS is an insurance claims management company.  (*Id.* ¶ 2.)  Defendant John Bannon is ACS's manager.  (*Id.* ¶ 3.)  Defendant Bill T. Johnson is ACS's chief executive officer (*id.* ¶ 4), and Susan T. Johnson is ACS's chief financial officer.  (*Id.* ¶ 5.)

In or about June 2005, ACS contacted plaintiff "to perform independent adjusting work for it."  (*Id.* ¶ 9.)  Plaintiff's work included appearing as a claims representative on ACS's behalf at various mediations and settlement conferences in California.  (*Id.*)  On February 28, 2006, John Bannon sent a letter to plaintiff on ACS's letterhead, appointing plaintiff as ACS's

/////

---

[1] Plaintiff identifies a number of Doe defendants.  The Ninth Circuit provides that "'[plaintiffs] should be given an opportunity through discovery to identify . . . unknown defendants'" "in circumstances . . . 'where the identity of the alleged defendant[] [is] not [] known prior to the filing of a complaint.'"  *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (quoting *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)) (modifications in the original).  Plaintiff is warned, however, that such defendants will be dismissed where "'it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds.'"  *Id.* (quoting *Gillespie*, 629 F.2d at 642).  Plaintiff is further warned that Federal Rule of Civil Procedure 4(m), which states that the court must dismiss defendants who have not been served within 120 days after the filing of the complaint unless plaintiff shows good cause, is applicable to Doe defendants.  *See Glass v. Fields*, No. 1:09-cv-00098-OWW-SMS PC, 2011 U.S. Dist. LEXIS 97604 (E.D. Cal. Aug. 31, 2011); *also Hard Drive Prods. v. Does*, No.  C 11-01567 LB, 2011 U.S. Dist. LEXIS 109837, at *2-4 (N.D. Cal. Sept. 27, 2011).

qualified manager in California. (*Id.* ¶ 10.) Specifically, the letter provides:

> Attached is our letter to the California DOI, with an attached form 31A-9, Personal Identification Information. Please complete Section 5. [sic] of the form and place it in the envelope addresses [sic] to the California DOI. This will allow you to become the Qualified Manager of ACS[] in California, as we had previously discussed.
> Carol, I want to thank you again for your assistance in helping us get started in California. I want to assure you that I will make every effort to substitute myself for you ASAP.

(FAC, Ex. 1.)[2]

Plaintiff alleges that John Bannon and ACS "verbally represented that plaintiff's license would be used for three or four months and its use discontinued no later than July 2006." (FAC ¶ 10.) However, defendants' use of plaintiff's license continued until January 2013. (*Id.* ¶ 12.) Plaintiff further alleges that defendants Bill T. Johnson and Susan B. Johnson "approved of the hiring of plaintiff and approved of ACS[]'s use of her license for the purpose of handling insurance claims in California." (*Id.* ¶ 14.) As a result of defendants' unauthorized use of her license, plaintiff alleges, she has suffered damages. (*Id.* ¶¶ 15-16.)

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." A court may dismiss "based on the lack of cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Although a complaint need contain only "a short and plain statement of the claim showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a)(2), to survive a motion to dismiss this short and plain statement "must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint must include something more than "an

---

[2] For purposes of a Rule 12(b)(6) motion, the court can augment the facts and inferences from the body of the complaint with data points gleaned from documents attached to and incorporated by reference into the complaint. *See* FED. R. CIV. P. 10(c); *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 (9th Cir. 1989).

unadorned, the-defendant-unlawfully-harmed-me accusation" or "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action . . . .'" *Id.* (quoting *Twombly*, 550 U.S. at 555). Determining whether a complaint will survive a motion to dismiss for failure to state a claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Ultimately, the inquiry focuses on the interplay between the factual allegations of the complaint and the dispositive issues of law in the action. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

In making this context-specific evaluation, this court "must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the nonmoving party." *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). This rule does not apply to "a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), *quoted in Twombly*, 550 U.S. at 555, nor to "allegations that contradict matters properly subject to judicial notice," or to material attached to or incorporated by reference into the complaint. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

III. DISCUSSION

Defendants make three principal arguments. First, defendants argue, all five causes of action are barred by the applicable statutes of limitations. (ECF 4 at 1.) Second, defendants argue plaintiff's claims for (1) fraud, (2) breach of fiduciary duty, (3) infringement of license, and (4) the UCL claim do not state a claim for relief. (*Id.* at 2-3.) Finally, defendants argue, plaintiff's First Amended Complaint should be dismissed for not meeting Rule 9(b)'s requirements. (*Id.* at 3.) The court addresses these arguments in turn.

A. Statutes of Limitations

For all five causes of action, defendants argue, the applicable statutes of limitations began running in July 2006. (ECF 4 at 6.) To support this argument, defendants reason because plaintiff knew the alleged agreement was set to terminate in July 2006, and because plaintiff "had the means to investigate and determine whether [d]efendants breached their agreement," she should have "inquired into whether . . . she was removed as the Qualified Manager closer to July of 2006 . . . ." (*Id.*) For example, defendants reason "[p]laintiff could

1   have contacted [d]efendants herself, or researched her license with the California's Department of
2   Insurance to determine if she was still listed as a Qualified Manager." (*Id.* at 7.)  Accordingly,
3   defendants conclude the applicable statutes of limitations for all five causes of action began to run
4   in July 2006 "because [p]laintiff was aware of facts that the alleged agreement would terminate in
5   July of 2006, which put her on inquiry notice to conduct a reasonable investigation into whether
6   she remained listed." (*Id.*)  As to tolling of the applicable statutes of limitations, defendants
7   reason, plaintiff did not plead sufficient facts to show tolling. (*Id.*)

8         Plaintiff responds by arguing that she was placed on inquiry notice in October
9   2012, when an ACS employee notified her of ACS's alleged continuing active use of her license.
10  (ECF 9 at 2.)  Before that date, plaintiff reasons, she had "no notice, either actual or constructive"
11  of ACS's alleged use (*id.*); thus, she had no duty to investigate before October 2012, and the
12  applicable statutes of limitations began to run then (*id.* at 4). (*Id.*)  As to tolling, plaintiff
13  responds her allegations in the First Amended Complaint are sufficient to support the application
14  of estoppel, delayed discovery, continuing violation, and continuing accrual doctrines. (*Id.* at
15  4-10.)

16        Ordinarily, a Rule 12(b)(6) motion to dismiss may not be used to raise an
17  affirmative defense. *See Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th
18  Cir. 2012) (noting "courts should usually refrain from granting Rule 12(b)(6) motions on
19  affirmative defenses").  However, a Rule 12(b)(6) motion may be used where a plaintiff's
20  "allegations in the complaint suffice to establish the defense." *See Sams v. Yahoo! Inc.*, 713 F.3d
21  1175, 1179 (9th Cir. 2013) (quoting *Jones v. Bock*, 549 U.S. 199, 215 (2007)).  Specifically, a
22  Rule 12(b)(6) motion may be used where the facts and dates alleged in the complaint indicate that
23  the alleged causes of action are barred by the applicable statutes of limitations. *See Von Saher v.*
24  *Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (noting a complaint
25  may be dismissed based on statute of limitations only when "the running of the statute is apparent
26  on the face of the complaint") (quoting *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th
27  Cir. 2006)); *see also Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1207 (9th Cir. 1995)
28  ("[A] complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove

1 no set of facts that would establish the timeliness of the claim."); *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980) ("When a motion to dismiss is based on the running of the statute of limitations, it can be granted only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled.").

Here, in light of the complaint's allegations, defendants' arguments that all five causes of action are time-barred are unavailing. Plaintiff alleges defendants represented that her license would be used until July 2006. (FAC ¶ 10.) Plaintiff further alleges she reasonably believed and relied on those representations. (*Id.* ¶ 11.) However, "unbeknownst to plaintiff, [defendants] did not perform as promised." (*Id.* ¶ 12.) Defendants allegedly did not stop using plaintiff's license in July 2006; they continued to use plaintiff's license from March 2006 to January 2013. (*Id.*) From these allegations, it is unclear when the applicable statutes of limitations began to run and, hence, whether all five causes of action are time-barred. It does not appear beyond doubt that plaintiff can prove no set of facts that would establish the timeliness of her claim.

Accordingly, the court DENIES defendants' motion to dismiss plaintiff's First Amended Complaint to the extent it is based on the running of the applicable statutes of limitations. The court proceeds to consider the sufficiency of the allegations to determine whether the First Amended Complaint states a claim upon which relief can be granted.

B. Sufficiency of the Allegations in the First Amended Complaint

1. Fraud

Defendants argue plaintiff's allegations do not meet the strict requirements for pleading fraud. (ECF 4 at 13.) Specifically, defendants reason plaintiff does not plead "how [the] fraudulent conduct was performed, when the fraudulent concealment occurred, and where these [d]efendants concealed the fact that she was still listed as the Qualified Manager." (*Id.*) Moreover, defendants argue, plaintiff does not plead fraud with specificity as to ACS as a corporate defendant because "[p]laintiff does not allege that any of the individual [d]efendants had authority to speak on behalf of the corporate entity." (*Id.*)

1          Plaintiff responds the First Amended Complaint provides sufficient allegations.
2  (ECF 9 at 16.)  "The time, place and nature of the fraudulent activities are pled" because "the
3  primary basis of the fraud claims are the representations made by [John Bannon] in his
4  February 28, 2006 letter."  (*Id.*)

5          Under Rule 9(b), a plaintiff who alleges fraud "must state with particularity the
6  circumstances constituting the fraud," but may "allege[] generally" the state of mind animating
7  the fraud.  The pleading must "be specific enough to give defendants notice of the particular
8  misconduct . . . so that they can defend against the charge and not just deny that they have done
9  anything wrong."  *Sanford v. Memberworks, Inc.*, 625 F.3d 550, 558 (9th Cir. 2010) (quoting
10 *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009)).  To avoid dismissal, the
11 complaint must describe the time, place, and specific content of the false representations and
12 identify the parties to the misrepresentations.  *Id*.

13         In addition, a plaintiff may not "lump multiple defendants together" but rather
14 must "differentiate their allegations."  *Destine v. Reiswig*, 630 F.3d 952, 958 (9th Cir. 2011)
15 (quoting *Cisneros v. Instant Capital Funding Grp., Inc.*, 263 F.R.D. 595, 606-07 (E.D. Cal.
16 2009)).  That is, plaintiffs must "inform each defendant separately of the allegations surrounding
17 his alleged participation in the fraud."  *Swartz v. KPMG LLP*, 476 F.3d 756, 764-65 (9th Cir.
18 2007).  Moreover, "particularity" and "plausibility" are separate pleading requirements; a party
19 raising a fraud claim must meet both.  *See Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1293
20 n.3 (11th Cir. 2010).  Allegations may be "particularized," yet fail to state a "plausible" claim for
21 relief.  *See id.*

22         In California, a claim of fraud has five elements: (1) the defendant made a false
23 representation as to a past or existing material fact; (2) the defendant knew the representation was
24 false at the time it was made; (3) in making the representation, the defendant intended to deceive
25 the plaintiff; (4) the plaintiff justifiably and reasonably relied on the representation; and (5) the
26 plaintiff suffered resulting damages.  *Lazar v. Superior Court*, 12 Cal. 4th 631, 638 (1996).

27         Here, as to Rule 9(b)'s requirements, the court finds plaintiff's allegations
28 regarding John Bannon and ACS are sufficiently particular to the extent plaintiff's claim for fraud

1  is based on alleged misrepresentations in the February 28, 2006 letter.  The allegations are
2  insufficient, however, as to Bill T. Johnson and Susan B. Johnson.

3  Contrary to defendants' argument that plaintiff's allegations do not show where,
4  how, and when the alleged fraudulent conduct occurred, the complaint does set forth those facts
5  as applied to John Bannon.  Specifically, plaintiff alleges that John Bannon "extended a written
6  offer of employment" to plaintiff in the February 28, 2006 letter.  (FAC ¶ 10.)  As part of the
7  employment offer, John Bannon represented that ACS would use plaintiff's insurance adjuster
8  license to operate in California (*id.* ¶ 10), and that he would substitute plaintiff "ASAP."  (*Id.*,
9  Ex. 1.)  Plaintiff alleges that those representations were false because "[John Bannon] and ACS[]
10 continued to use plaintiff's license continuously . . . until January 2013." (*Id.* ¶ 12.)  These
11 allegations are sufficiently particularized.  Thus, the court DENIES defendants' motion to dismiss
12 plaintiff's fraud claim as to John Bannon.

13 With respect to defendants' argument that the allegations are not specific as to
14 ACS as a corporate defendant, the court finds the allegations of the First Amended Complaint are
15 sufficient to raise an inference that individual defendants acted on behalf of ACS.  The First
16 Amended Complaint identifies John Bannon as "the manager of ACS[]"; Bill T. Johnson as "the
17 Chief Executive Officer of ACS[]"; and Susan T. Johnson as "the Chief Financial Officer of
18 ACS[]."  (*Id.* ¶¶ 3-5.)  Additionally, the alleged misrepresentation in the 2006 letter was written
19 on ACS's letterhead.  (*Id.*, Ex. 1.)  Accordingly, the court finds plaintiff's allegations are
20 sufficient at this stage of the litigation to raise an inference that Bannon acted on behalf of ACS
21 when he made the alleged misrepresentation.  *See Brown v. China Integrated Energy, Inc.*,
22 875  F. Supp. 2d 1096, 1120 (C.D. Cal. 2012) (noting "a corporation cannot act without human
23 agents") (quoting *In re Impac Mort. Holdings, Inc. Sec. Litig.*, 554 F. Supp. 2d 1083, 1101 n.12
24 (C.D. Cal. 2008)).  Therefore, the court DENIES defendants' motion to dismiss plaintiff's fraud
25 claim as to ACS.

26 As to Bill T. Johnson and Susan B. Johnson, plaintiff alleges they "instructed
27 [John Bannon] to set up a claims handling operation in California"; they "approved of the hiring
28 of [p]laintiff and approved of ACS's[] use of her license"; and they "had actual knowledge of,

and ratified the acts and conduct of [John Bannon]."  (FAC ¶¶ 13-14.)  Because plaintiff provides only conclusory statements about Bill and Susan Johnson's knowledge of the alleged fraudulent scheme, s*ee Swartz*, 476 F.3d at 765 (holding conclusory allegations that defendants knew about the false statements "without any stated factual basis are insufficient"), the court GRANTS defendants' motion to dismiss plaintiff's fraud cause of action as to the Johnson defendants.  However, because in her opposition to defendants' motion to dismiss plaintiff sets forth additional new facts that may support her claim for fraud as to the Johnsons, the court GRANTS plaintiff leave to amend if she can do so consonant with Rule 11.  *See Orion Tire Corp. v. Goodyear Tire & Rubber Co.*, 268 F.3d 1133, 1137 (9th Cir. 2001) (even if not considered in determining the sufficiency of a complaint, "new" facts in plaintiff's opposition papers can be considered by courts in deciding whether to grant leave to amend).

          2.        Breach of Fiduciary Duty

Defendants advance three arguments as to why plaintiff does not state a claim for breach of a fiduciary duty.  (ECF 4 at 15-16.)  First, defendants argue there was no legally recognized fiduciary relationship between the parties.  (*Id.* at 15.)  Second, defendants argue plaintiff does not allege sufficient facts to show that a benefit was bestowed upon plaintiff, thus, plaintiff cannot show "[d]efendants acted on behalf of or for the benefit of [p]laintiff."  (*Id.* at 16.)  Finally, defendants argue the parties' contractual relationship did not create a fiduciary relationship.  (*Id.*)

Plaintiff responds a fiduciary relationship existed between the parties because "plaintiff reasonably placed special trust and confidence in [John Bannon] and ACS[] and defendants had actual knowledge that plaintiff was placing special trust and confidence in defendants performing as promised."  (ECF 9 at 13.)  Plaintiff also appears to argue that a confidential relationship existed between the parties.  (*Id.* at 14.)

Under California law, the elements of a cause of action for breach of fiduciary duty are: "(1) existence of a fiduciary duty; (2) breach of the fiduciary duty; and (3) damage proximately caused by the breach."  *Stanley v. Richmond*, 35 Cal. App. 4th 1070, 1086 (1995).

A fiduciary relationship refers to any relation existing between the parties to a transaction where one of the parties has "a duty to act with the utmost good faith for the benefit of the other party." *Martinez v. Welk Grp., Inc.*, 907 F. Supp. 2d 1123, 1133 (S.D. Cal. 2012) (quoting *Gilman v. Dalby*, 176 Cal. App. 4th 606, 613 (2009)). "Such a relation ordinarily arises where a confidence is reposed by one person in the integrity of another, and in such a relation the party in whom the confidence is reposed, if he voluntarily accepts or assumes to accept the confidence, can take no advantage from his acts relating to the interest of the other party without the latter's knowledge or consent . . . ." *Wolf v. Superior Court*, 107 Cal. App. 4th 25, 29 (2003) (internal quotation marks and citation omitted). "The essence of a fiduciary or confidential relationship is that the parties do not deal on equal terms, because the person in whom trust and confidence is reposed and who accepts that trust and confidence is in a superior position to exert unique influence over the dependent party." *Barbara A. v. John G.*, 145 Cal. App. 3d 369, 383 (1983). "Technically, a fiduciary relationship is a recognized legal relationship, such as guardian and ward, trustee and beneficiary, principal and agent, or attorney and client, whereas a confidential relationship may be founded on a moral, social, domestic, or merely personal relationship as well as on a legal relationship." *Richelle L. v. Roman Catholic Archbishop*, 106 Cal. App. 4th 257, 271 (2003) (internal quotation marks and citation omitted). Accordingly, these two types of legal relationships can exist simultaneously or separately. *Vai v. Bank of Am. Nat'l Trust & Sav. Ass'n*, 56 Cal. 2d 329, 337 (1961).

The complaint alleges that "a special relationship of trust and confidence existed between plaintiff and defendants." (FAC ¶ 30.) "Based upon the representations made by [John Bannon], and ACS[] in February 2006 . . . , plaintiff reasonably placed special trust and confidence in ACS[] and [John Bannon] who had actual knowledge that plaintiff was placing special trust and confidence in [them] performing as promised." (*Id.*) The complaint further alleges that the "business and employment relationship between [the parties] created a fiduciary relationship . . . which required defendants to treat plaintiff with a duty of loyalty, honesty, and fair dealing." (*Id.*) Defendants breached these duties by "actively lying to plaintiff and by

10

actively concealing from plaintiff the continued and repeated use of her license from July 2006 until January 2013." (*Id*.)

The court finds plaintiff's allegations do not meet the existence of a fiduciary duty element; thus, they fail to state a claim upon which relief can be granted.  First, the complaint is devoid of allegations showing the existence of a legally recognized fiduciary relationship. Second, plaintiff's argument that the business and employment relationship between the parties created a fiduciary relationship is unavailing because plaintiff's allegations do not elevate defendants' obligations above those existing from the parties' business and employment relationship.

Plaintiff's contention that a fiduciary relationship existed because she reposed trust and confidence in defendants to perform their contractual obligations is unavailing as well.  That is because "[e]very contract requires one party to repose an element of trust and confidence in the other to perform." *Wolf v. Superior Court*, 107 Cal. App. 4th at 31.  It is for this reason that "every contract contains an implied covenant of good faith and fair dealing." *Id.*  Nonetheless, the implied covenant of good faith and fair dealing does not create a fiduciary relationship; it merely provides a basis for redress for breach of contract. *Id.*

Accordingly, because the allegations of the complaint are insufficient to show the existence of a fiduciary duty on the part of defendants, plaintiff's claim for breach of fiduciary duty fails to state a claim upon which relief can be granted.  The court GRANTS defendants' motion to dismiss plaintiff's claim for breach of fiduciary duty without prejudice and with leave to amend if plaintiff can do so consonant with Rule 11.

        3.        Infringement of License

Defendants argue plaintiff's claim for infringement of license does not put them "on notice of a claim" because it is "void [sic] of the necessary elements." (ECF 4 at 16.) Defendants also argue *Ojala v. Bohlin*, 178 Cal. App. 2d 292 (1960), the case plaintiff cites in the First Amended Complaint in support of her infringement of license claim, "is not analogous to the present action," because *Ojala* "deals with different circumstances of unfair competition involving trademarking" and because unlike the present case, *Ojala* included an "agreement not

11

1   to compete." (ECF 4 at 17.) Finally, defendants reason "there is no cause of action for
2   infringement of license." (*Id.* at 15.)

3   Plaintiff responds that the allegations are sufficient to put defendants on notice of
4   plaintiff's claim. (ECF 9 at 14-15.) Moreover, in her opposition, plaintiff cites to California
5   Civil Code section 3344(a) and argues the allegations are sufficient to support a "claim of
6   appropriation of plaintiff's license." (*Id.*)

7   As a preliminary matter, defendants' argument that there is no such a cause of
8   action is unpersuasive. Notice pleading does not require plaintiffs to set forth causes of action,
9   statutes, or legal theories as long as the factual allegations provide fair notice of the plaintiff's
10  claim. *Alvarez v. Hill*, 518 F.3d 1152, 1157 (9th Cir. 2008) ("Notice pleading requires the
11  plaintiff to set forth in his complaint claims for relief, not causes of action, statutes or legal
12  theories.").

13  To the extent plaintiff cites *Ojala* in her complaint to allege a claim for common
14  law tort of unfair competition, the court finds the allegations are insufficient to support such a
15  claim. Although *Ojala* involved a trademark dispute, the "gravamen of the action [was] unfair
16  competition." 178 Cal. App. 2d at 296. "The common law tort of unfair competition is generally
17  thought to be synonymous with the act of 'passing off' one's goods as those of another."
18  *Sybersound Records, Inc. v. UAV Corp.*, 517 F.3d 1137, 1153 (9th Cir. 2008) (quoting *Bank of*
19  *the W. v. Superior Court*, 2 Cal. 4th 1254, 1263 (1992) (explaining that the tort provided "an
20  equitable remedy against the wrongful exploitation of trade names and common law trademarks
21  that were not otherwise entitled to legal protection" and that the expansion of unfair competition
22  law is primarily based in statutes)).

23  Here, the First Amended Complaint avers defendants' "use of plaintiff's license
24  from July 2006 to January 2013 was without plaintiff's knowledge, permission or consent."
25  (FAC ¶ 35.) Accordingly, defendants' actions "constitute[] an infringement upon plaintiff's
26  license." (*Id.*) Plaintiff further states, "the profit realized by [defendants] [from using plaintiff's
27  license] is an appropriate measure of plaintiff's damages as set forth in *Ojala* . . . ." (*Id.* ¶ 36.)
28  Because these allegations do not show that defendants have passed off their goods as those of

plaintiff nor that defendants exploited plaintiff's trade names or trademarks, plaintiff has not stated a common law unfair competition claim.

To the extent plaintiff seeks to state a claim under California Civil Code section 3344(a), the court finds the allegations in the First Amended Complaint are insufficient for this purpose as well. Section 3344(a) provides in relevant part, "[a]ny person who knowingly uses another's name, voice, signature, photograph, or likeness, in any manner . . . for purposes of . . . soliciting purchases of . . . services, without such person's prior consent . . . shall be liable for any damages sustained by the person . . . ." CAL. CIV. CODE § 3344(a). Under section 3344(a), in addition to alleging a knowing use by the defendant as well as a direct connection between the alleged use and the commercial purpose, a plaintiff must prove all of the elements of the common law cause of action. *Stewart v. Rolling Stone LLC*, 181 Cal. App. 4th 664, 680 (2010). To state a common law cause of action for commercial misappropriation, a plaintiff must prove: "(1) the defendant's use of the plaintiff's identity; (2) the appropriation of plaintiff's name or likeness to defendant's advantage, commercially or otherwise; (3) lack of consent; and (4) resulting injury." *Id.* at 679 (internal quotation marks and citation omitted).

Here, plaintiff's allegations do not show that defendants misappropriated plaintiff's name as required by section 3344(a). The allegations consistently provide that defendants allegedly used "plaintiff's insurance adjuster's license." (FAC ¶ 10.) However, no allegations state that defendants actually used plaintiff's name when they allegedly used her license. Accordingly, the court GRANTS defendants' motion to dismiss plaintiff's infringement of license claim without prejudice. Because the additional facts alleged in plaintiff's opposition papers may allow plaintiff to amend this claim, the court GRANTS plaintiff leave to amend if she can do so consonant with Rule 11.

4.  UCL

The gravamen of defendants' argument challenging the UCL claim is that because plaintiff's other four causes of action fail, defendant cannot state a claim under the unlawful practices prong of the UCL. (ECF 4 at 15.) Plaintiff responds that the allegations are sufficient to state a claim under the unlawful practices prong of the UCL. (ECF 9 at 12-13.)

1       California Business and Professions Code section 17200 prohibits unfair
2  competition, which is defined as prohibiting any "unlawful, unfair or fraudulent business act or
3  practice." CAL. BUS. & PROF. CODE § 17200.  The statute's language has been construed as
4  prohibiting three distinct types of practices: (1) unlawful acts or practices; (2) unfair acts or
5  practices; and (3) fraudulent acts or practices. *Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*,
6  20 Cal. 4th 163, 180 (1999).

7       In determining whether a practice is "unlawful" within the meaning of the statute,
8  courts consult federal, state, local, or common law as a predicate law for a section 17200
9  violation. *Farmers Ins. Exch. v. Superior Court*, 2 Cal. 4th 377, 383 (1992).  Hence, to allege a
10 cause of action under the "unlawful" prong, a plaintiff must show a violation of some
11 independent law. *Id.* (section 17200 "borrows" violations of other laws and treats them as
12 unlawful practices actionable separately under section 17200).

13      Here, defendants have not moved to dismiss plaintiff's cause of action for
14 conversion on other grounds.  Conversion, being a common law claim, is an unlawful act. *See*
15 *Saunders v. Superior Court*, 27 Cal. App. 4th 832, 838-39 (1994) ("The 'unlawful' practices
16 prohibited by section 17200 are any practices forbidden by law, be it civil or criminal, federal,
17 state, or municipal, statutory, regulatory, or court-made.").  Accordingly, the court DENIES
18 defendants' motion to dismiss plaintiff's UCL claim.

19      C.      Motion to Dismiss the First Amended Complaint under Rule 9(b)
20      Finally, defendants argue plaintiff's First Amended Complaint should be
21 dismissed in its entirety for failing to meet Rule 9(b)'s pleading requirements.

22      As to plaintiff's allegations of fraud concerning the February 28, 2006 letter,
23 plaintiff responds that the allegations meet Rule 9(b)'s requirements.  (ECF 9 at 16-17.)  As to her
24 allegations concerning defendants' fraudulent concealment of their use of plaintiff's license,
25 plaintiff responds that she has learned the specific details of defendants' conduct "after the [First
26 Amended Complaint] was filed." (*Id.* at 17.)

27      Rule 9(b) applies to allegations of fraud and not just claims of fraud. *See Kearns,*
28 567 F.3d at 1124.  When a plaintiff's complaint relies entirely on fraudulent course of conduct as

the basis of a claim, "the claim is said to be 'grounded in fraud.'" *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003). In such cases, the complaint as a whole must satisfy the heightened pleading requirements of Rule 9(b). *Id.* at 1108. On the other hand, in cases where a plaintiff alleges "some fraudulent and some non-fraudulent conduct," "[t]he rule does not require that allegations supporting a claim be stated with particularity when those allegations describe non-fraudulent conduct." *Id.* at 1104.

Here, in some of her allegations, plaintiff alleges facts that do not necessarily constitute fraud. For example, plaintiff alleges that defendants "[f]rom July 2006 until January 2013 . . . exercised dominion over plaintiff's property . . . without her knowledge, consent and permission. Said conduct constitutes . . . conversion, taking, and unlawful use of plaintiff's property." (FAC ¶ 25.) Because plaintiff's allegations do not rely entirely "on a unified fraudulent course of conduct," it cannot be said that plaintiff's complaint is "grounded in fraud." *Vess*, 317 F.3d at 1106. The court DENIES defendants' motion to dismiss the complaint as a whole based on Rule 9(b).

IV. CONCLUSION

For the foregoing reasons, the court orders as follows:

1. Defendants' motion to dismiss plaintiff's five causes of action based on the applicable statutes of limitations is DENIED.
2. Defendants' motion to dismiss plaintiff's claim for violation of California's Business and Professions Code section 17200 is DENIED.
3. Defendants' motion to dismiss plaintiff's fraud cause of action is DENIED as applied to defendants John Bannon and ACS.
4. Defendants' motion to dismiss plaintiff's First Amended Complaint under Rule 9(b) is DENIED without prejudice.
5. Defendants' motion to dismiss plaintiff's fraud cause of action is GRANTED without prejudice as applied to defendants Bill T. Johnson and Susan B. Johnson.

6. Defendants' motion to dismiss plaintiff's breach of fiduciary duty cause of action is GRANTED without prejudice.

7. Defendants' motion to dismiss plaintiff's infringement of license claim is GRANTED without prejudice.

8. Plaintiff shall have 21 days from the date of this order to file a Second Amended Complaint.

IT IS SO ORDERED.

DATED: January 22, 2014.

_____
UNITED STATES DISTRICT JUDGE