Adrienne D. Cohen, Esq. - Bar No. 145163
(adc@adcohen.com)
Anthony C. Modarelli III, Esq. – Bar No. 286520
(acm@adcohen.com)
**LAW OFFICES OF ADRIENNE D. COHEN**
1551 N. Tustin Avenue, Suite 750
Santa Ana, CA 92705
(714) 954-0790
(714) 954-0791 Fax
Attorneys for Defendants AMERICAN CLAIMS SERVICES, INC., JOHN BANNON, BILL T. JOHNSON, AND SUSAN B. JOHNSON

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA—SACRAMENTO DIVISION**

| | |
|---|---|
| CAROL QUIGLEY, aka, CAROL DIANE EUWEMA<br><br>Plaintiff,<br><br>vs.<br><br>AMERICAN CLAIMS SERVICES, INC., et al.,<br><br>Defendants. | **CASE NO.: 2:13-cv-01766-KJM-EFB**<br><br>[~~PROPOSED~~] **STIPULATED PROTECTIVE ORDER**<br><br>**HONORABLE EDMUND F. BRENNAN** |

Counsel for all represented parties having agreed to entry of the following Order, and good cause having been shown in the Stipulation filed herewith:

IT IS HEREBY ORDERED THAT:

DEFINITIONS

1.  "Documents" shall have the same broad meaning as within the Federal Rules of Civil Procedure.

2.  "Confidential Information" means information contained or described in Documents, answers to interrogatories, responses to requests for admissions, trial testimony, depositions, transcripts of trial testimony and depositions, and any information derived therefrom deemed by any party to be confidential information belonging to it pursuant to F.R.Civ.P. Rule 26(c).

3. "Counsel" means counsel of record, and attorneys employed by counsel of record.

GENERAL RULES

4. Any party, including any third party, to this litigation who produces or discloses any Documents, things, or information which the producing party wishes to be subject to this Protective Order may designate and shall mark the same as "CONFIDENTIAL". Information designated "CONFIDENTIAL" will be limited to information which the producing party reasonably believes to be non-public, proprietary, or confidential information pursuant to Rule 26(c).

5. The producing party shall either mark the copies of such Documents as may contain protected subject matter with the appropriate confidentiality marking at the time the copies are produced to the inspecting party or otherwise designate in writing the appropriate marking.

6. Whenever a deposition taken on behalf of any party involves a disclosure of Confidential Information:

(a) said deposition or portions thereof shall be designated as containing Confidential Information subject to the provisions of this Order; such designation shall be made on the record whenever possible, but a party may designate portions of depositions as containing Confidential Information after transcription; a party shall have until ten (10) days after the service of the notice of completion of the deposition transcript to inform the other parties to the action of the portions of the transcript designated "CONFIDENTIAL";

(b) the disclosing party shall have the right to exclude from attendance at said deposition, during such time as its Confidential Information designated as "CONFIDENTIAL" is to be disclosed, any person other than the deponent, Counsel (and their staff and associates), the Court reporter (and videographer, interpreter, or other non-interested persons essential to the successful transcription of the witness), and the person(s) permitted to view such information pursuant to paragraphs 9 or 10 below; and

(c) the originals of said deposition transcripts and all copies thereof shall bear the legend "CONFIDENTIAL", as appropriate, and the original shall at the time of filing with the Court be filed in accordance with L.R. 141.

//

1  7. All Confidential Information designated as "CONFIDENTIAL" shall not be disclosed by the receiving party to anyone other than those persons designated herein and shall be handled in the manner set forth herein and, in any event, shall not be used for any purpose other than in connection with this litigation, unless and until such designation is removed either by written agreement of Counsel or by order of the Court.

8. Information designated "CONFIDENTIAL" shall be viewed and discussed by the receiving party only by such party's Counsel, and their paralegals, clerks, support staff and clerical personnel, and by the additional individuals listed below, provided each such individual has read this Protective Order in advance of disclosure and has agreed, in writing, by executing a copy of the form attached hereto as Exhibit A, to be bound by its terms:

    (a) Plaintiff Carol Quigley;

    (b) Defendant John Bannon;

    (c) Defendant Susan B. Johnson;

    (d) Defendant Bill T. Johnson;

    (e) Technical personnel acting with or on behalf of the receiving party who need to be consulted by Counsel, in the discretion of such Counsel, in preparation for trial of this action;

    (f) Stenographic and clerical employees associated with the individuals enumerated above.

This paragraph (8) does not apply to the Court or any court personnel.

9. With respect to Documents designated "CONFIDENTIAL", any person indicated on the face of the Document to be its originator, author or a recipient of a copy thereof at or about the time such Document was prepared may be shown the same.

10. The producing party has the burden to show the required good cause under Rule 26(c) to restrict access to information by use of "CONFIDENTIAL" designation. If a party receiving an item of information designated "CONFIDENTIAL" reasonably believes that the information has been improperly designated as "CONFIDENTIAL", the receiving party must provide an objection in a reasonable manner to the producing party, specifying the Documents, information, or other things whose

designation is objected to, and the basis for the objection. The objection may be initially oral but must be confirmed in writing. The producing party must respond to the objection within five (5) business days after delivery of the written objection. If the producing party does not respond to the objection in said time frame, and the receiving party has good cause and good faith to know that the producing party has received the objection, the receiving party may then treat the information as non-confidential, but still must limit the use of such information to this action. If the producing party responds to the objection, and the parties cannot reach agreement regarding the objected-to designations, the objecting party shall have the right to bring before the Court the question of whether any particular information is properly designated.

11. All Confidential Information which has been designated as "CONFIDENTIAL" by the producing or disclosing party, and any and all reproductions thereof, shall be retained in the custody of the Counsel for the receiving party, except that such material may be used in depositions or court proceedings as provided herein, and independent experts authorized to view such information under the terms of this Protective Order may retain custody of such copies as are necessary for their participation in this litigation.

12. Any Documents produced in discovery, answers to interrogatories, responses to requests for admissions, deposition transcripts, or other Documents which are filed with the Court for any purpose and which are designated as "CONFIDENTIAL" shall be filed in accordance with L.R. 141.

13. The restrictions set forth in this Order shall not be construed:

(a) To preclude any party or its attorneys of record from making lawful use of information which was lawfully in their possession without restrictions prior to the receipt of information under this Protective Order; or

(b) To apply to information lawfully obtained by a party from any non-party to this action having the right to disclose such information; or

(c) To apply to information that has been or becomes part of the public domain by publication, a declaration under law, or otherwise, and not due to any unauthorized act or omission on the part of a receiving party.

14. Neither the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object thereto, shall be construed as a waiver of any claim or defense in this action. Moreover, neither the failure to designate information in accordance with this Order nor the failure to object to a designation at a given time shall preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof, unless expressly stated herein. The entry of this Order shall not be construed as a waiver of any right to object to the furnishing of information in response to discovery or to object to a requested inspection of Documents or things, and, except as expressly provided, shall not relieve any party of the obligation of producing information in the course of discovery.

15. In the event anyone shall violate or threaten to violate the terms of this Order, the parties agree that the aggrieved party may immediately apply to obtain relief against any such violation or threatened violation. The parties and any other person subject to the terms of this Order agree that this Court may retain jurisdiction over it and them for the purpose of enforcing this Order, notwithstanding any subsequent disposition of this action.

16. Immediately after entry of final judgment including appeals, or of dismissal of a party in connection with this action, all Documents and things or transcripts of deposition or trial, together with all copies thereof, which have been designated as including Confidential Information shall be returned to the producing party or destroyed, provided that Counsel may retain one copy of any and all Documents and things or transcripts which contain Confidential Information for the purpose of any possible future dispute over alleged violation of this Protective Order or over any agreement, decision, decree, order or judgment disposing of all or part of this action.

17. Nothing in the foregoing provisions of this Protective Order shall affect any previous protective order or shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, additional protection with respect to the confidentiality of Documents or other discovery material or relief from this Protective Order with respect to particular material designated as containing Confidential Information.

//

//

18.     This terms of this Protective Order shall be binding on the parties hereto when signed, as an agreement, regardless of when or whether the Court enters this Order.

IT IS SO ORDERED

DATED:  April 1, 2014.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE